IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMESHA ARLENA ROBERTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIBANK, NA, et al.,<br><br>    Defendants.<br>_____ / | No. C 12-02996 JSW<br><br>**ORDER REGARDING MOTIONS TO DISMISS AND TO STRIKE** |

Now before the Court are the motions to dismiss and to strike pursuant to California Code of Civil Procedure § 425.16 ("Section 425.16") filed by Defendants Pite Duncan, LLP, Michael J. Krahenbuhl, Esq., Michael Steven W. Pite, Esq., and John Duncan, Esq. ("PD Defendants") and the motion to dismiss filed by Citibank, N.A., Bank of America, N.A. and Recontrust Company, N.A. ("Bank Defendants"). The Court finds these motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for October 12, 2012 is HEREBY VACATED.[1] Having considered the parties' papers, relevant legal authority, and the record in this case, the Court grants the Bank Defendants' and the PD Defendants' motion to dismiss and denies the PD Defendants' motion to strike.[2]

---

[1] The Court DENIES the Bank Defendants' motion to continue the hearing date as MOOT.

[2] The Bank Defendant's and the PD Defendants' requests for judicial notice includes documents that are public records and which are the proper subject of judicial notice. *See* Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Bank Defendants' and the PD Defendants' requests for judicial notice are GRANTED.

**BACKGROUND**

This action concerns the foreclosure proceedings on real property that was owned by Plaintiff Lamesha Arlena Robertson ("Plaintiff") located at 1215 Holly Burne Avenue, Menlo Park, California ("the Property"). Plaintiff obtained an loan to purchase the Property in March 2007. After Plaintiff defaulted on the loan, a notice of default was recorded against the property on May 2, 2008. (Bank Defendants' Request for Judicial Notice, Ex. 2.) The amount Plaintiff was delinquent at that time was $39,973.98. (*Id*.) On August 7, 2008, Mortgage Electronic Registration Systems, Inc. ("MERS"), the named beneficiary under the deed of trust, recorded a substitution of trustee which substituted in Recontrust Company, N.A. as the trustee, (*Id*., Ex. 3.)

On March 7, 2011, MERS transfered all beneficial interest under the deed of trust to Citibank. (*Id*., Ex. 4.) On May 17, 2011, a notice of trustee's sale was recorded and the property was sold at a trustee's sale on December 30, 2011. (*Id*., Exs. 5, 6.) The trustee's deed upon sale was recorded on January 8, 2012. (*Id*., Ex. 6.) At the time of the trustee's sale, the debt owed on the Property was $721,777.76. (*Id*.)

Plaintiff filed a lengthy nine-one page petition. Although it is difficult to decipher all of Plaintiff's factual allegations, it appears as though Plaintiff alleges that her original mortgage loan was with Zone Funding. Plaintiff alleges that Zone Funding subsequently sold the note, and that the note was then transferred again several times. Plaintiff contends that the note was improperly securitized and improperly assigned, without sufficient notice to her. Plaintiff further contends that without physical transfer of the note, the Property could not be foreclosed upon. Plaintiff also alleges that the foreclosure sale was flawed and defective, although it is difficult to determine the basis for the alleged flaws, other than the asserted securitization and failure to produce the note.

Plaintiff brings the following claims: (1) quiet title; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) wrongful foreclosure; and (4) slander of title.[3] Under these claims, Plaintiff alleges that defendants made false and misleading representations concerning their standing to sue her, falsely represented the status of her mortgage loan, falsely represented that she owed the mortgage to them, and threatened to take action, including foreclosure and eviction proceedings. Under her slander of title claim, Plaintiff alleges that the notice of default is an act of slander of title because defendants arranged to file a notice of default in which they claimed that they owned the property.

The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

**A.   Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at

---

[3] Plaintiff has a claim which is labeled "Slander of Title, fraudulent inducement." Other than in the label of this claim, Plaintiff does not mention "fraudulent inducement" in this claim or otherwise in her complaint. Therefore, it is not clear, based on Plaintiff's allegations whether she intended to bring a claim for fraudulent inducement and, if so, what the factual allegations of such a claim are or would be.

3

556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.    Motions to Dismiss.**

    **1.    Failure to Tender.**

The Bank Defendants and the PD Defendants move to dismiss Plaintiff's claims for wrongful foreclosure and quiet title on the basis that, *inter alia*, Plaintiff does not allege that she has complied with the tender rule. In order to maintain a claim for quiet title, Plaintiff must show that she is "the rightful owner[] of the property, *i.e.* that [she has] satisfied [her] obligations under the Deed of Trust." *See Hafiz v. Greenpoint Mortgage, Inc.*, 652 F. Supp. 2d 1039, 1049-2050 (N.D. Cal. 2009); *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); *Gaitan v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3244729 at *12 (C.D. Cal. Oct. 5, 2009).

The requirement to tender the disputed amount also applies to Plaintiff's claim for wrongful foreclosure. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'" *Pantoja v. Countrywide Home Loan, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009) (quoting *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971) (Under California law, "[a] valid and viable tender of payment of the indebtedness owing is

4

essential to an action to cancel a voidable sale under a deed of trust."); *see also Arnolds Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 578 (1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.") "A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay." *Pantoja*, 640 F. Supp. 2d at 1184 (citing *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)).

Plaintiff makes no allegation that she has complied with or is able to comply with the tender rule. Instead, Plaintiff contends that the foreclosure process is wrongful because Defendants lack possession of the original note. However, under California Civil Code § 2924, the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or *any of their authorized agents*" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civil Code. § 2924(a)(1), (4) (emphasis added); *see also Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994) ("Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."). The foreclosing party does not need to possess or produce the original promissory note in order to conduct a trustee sale. *See* Cal. Civil Code § 2924(a)(1). As the foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee or agent of the trustee, possession of the original note is not required. *See Moeller*, 25 Cal. App. 4th at 830; *see also Pagtalunan v. Reunion Mortgage Inc.*, 2009 WL 961995, at *5 (N.D. Cal. Apr. 8, 2009) (holding that "possession of the note is not required to initiate or proceed with nonjudicial foreclosure").[4]

---

[4] In her complaint, Plaintiff also alleges that the trustee's sale was wrongful due to the prior securitization of the note. However, in her opposition to the Bank Defendants' motion to dismiss, Plaintiff clarifies that she is not challenging the Bank Defendants' rights to securitize real estate loans. Instead, she argues that she is challenging "the lack of proper procedures in the securitization of the note." (Opp. at 1.) However, it is not clear what Plaintiff alleges the procedures are that the Bank Defendants were legally required, but allegedly failed, to follow. Therefore, the Court cannot determine the legal validity, if any, of Plaintiff's purported claim related to securitization.

The Court notes that Plaintiff's reliance on *In re Veal*, 450 B.R. 897 (9th Cir. BAP June 10, 2011) and *In re Staff Mortgage and Investment Co.*, 550 F.2d 1228 (9th Cir. 1977)

1    Plaintiff is granted leave to amend, but only if she can, in good faith and in compliance
2 with her obligations under Rule 11, allege facts to show her compliance or ability to comply
3 with the tender rule.  Additionally, if Plaintiff elects to file an amended complaint, she shall
4 allege facts in support of a legal theory to show that the foreclosure was wrongful.

**2.    Fair Debt Collection Practices Act**.

6    The Bank Defendants and the PD Defendants move to dismiss Plaintiffs FDCPA claim
7 on the grounds that foreclosing on a property does not qualify as the collection of a debt under
8 the FDCPA.  Courts that have addressed this issue have concluded that foreclosure does not
9 constitute "debt collection" under the FDCPA.  *See, e.g., Deissner v. Mortgage Elec. Regis.
10 Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009), *aff'd* 2010 WL 2464899 (9th Cir. Jun. 17,
11 2010); *Landayan v. Washington Mutual Bank,* 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18,
12 2009) (citing *Maguire v. Citicorp. Retail Svcs., Inc.,* 147 F.3d 232, 236 (2d Cir. 1998) and *Perry
13 v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985)).  Therefore, the Court grants the
14 motions to dismiss this claim.

15    However, to the extent Plaintiff alleges that the Bank Defendants or the PD Defendants
16 engaged in efforts to collect a debt which is separate from any involvement in the foreclosure
17 proceedings, Plaintiff may be able to state a claim under the FDCPA.  *See Johnson v. HSBC
18 Bank USA, Nat. Ass'n*, 2012 WL 928433, * 6 (S.D. Cal. March 12, 2012) (distinguishing
19 FDCPA claim premised on demands of payment and threats as opposed to foreclosure on the
20 property); *see also Hulse v. Ocwen Federal Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D.Or.
21 2002) (holding that "any actions taken by [defendant] in pursuit of the actual foreclosure may

---

in support of her argument the defendants had an obligation to produce the note, is misplaced.  As the court explained in *Hague v. Wells Fargo Bank, N.A.*, 2011 WL 3360026, *3 (N.D. Cal. Aug. 2, 2011), in *In re Veal*, borrowers in bankruptcy proceedings challenged (1) the standing of a bank to seek relief from a stay; and (2) the standing of the bank's agent to file a proof of claim in the bankruptcy proceedings.  "*In re Veal* is irrelevant to this case because standing is not an issue – [the Bank Defendants and the PD Defendants are defendants], not a plaintiff, and thus need not establish constitutional standing. Furthermore, *In re Veal acknowledges* that California has altered the UCC rule regarding the significance of note possession and ownership." *Id*. (citing *In re Veal* at *13).  The court explained that "[p]rovisions of California's nonjudicial foreclosure framework 'may give lenders a nonbankruptcy right to commence foreclosure based solely upon their status as assignees of a mortgage or deed of trust, and without any explicit requirement that they have an interest in the note.' *Id*. (quoting *In re Veal* at *13 n.34).

6

not be challenged as FDCPA violations," but "plaintiffs may maintain any FDCPA claims based on alleged actions by [defendant] in collecting a debt."). Therefore, the Court will grant Plaintiff leave to amend to allege facts, if she can allege such facts in good faith, that Defendants engaged in efforts to collect a debt which is separate from any involvement in the foreclosure proceedings. If Plaintiff elects to amend this claim, she should take care to simply and clearly allege the acts underlying this claim and which defendants engaged in any such acts.

### 3.  Slander of Title.

To state a claim for slander of title, Plaintiff must allege that a defendant published a false, non-privileged statement and allege "disparagement of another's land which is relied upon by a third party and which results in pecuniary loss." *Appel v. Burman*, 159 Cal. App. 3d 1209, 1214 (1984). Plaintiff has not alleged how her property was disparaged, how an alleged false statement was relied upon by a third party, and what loss she incurred as a result. Moreover, the conduct in which she alleges any of the defendants engaged related to the foreclosure of her property is privileged under California law. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333-34. Accordingly, the Court grants the Bank Defendants' and the PD Defendants' motions to dismiss this claim. The Court will not grant leave to amend this claim because it would be futile.

### C.  Motion to Strike Pursuant to Section 425.16.

California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute provides a mechanism for a defendant to strike civil actions brought primarily to chill the exercise of free speech. Cal. Code Civil Proc. § 425.16(b)(1); *see also Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). The California Legislature passed the statute and explicitly recognized "the public interest to encourage continued participation in matters of public significance ... and [found] that this participation should not be chilled through abuse of the judicial process." *Metabolife*, 213 F. Supp. 2d at 1221 (citations omitted). Thus, to deter such chilling, a prevailing defendant on a special motion to strike shall be entitled to recover his or her reasonable attorney's fees and costs. *Id.*, *citing* Cal. Code Civ. Proc. § 425.16(c).

7

Section 425.16 provides, in relevant part, that

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
>
> As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a ... judicial proceeding, or any other official proceeding authorized by law....

Cal. Code Civ. Proc. §§ 425.16(b)(1); 425.16(e).

A special motion to strike a SLAPP suit involves a two-step analysis. First, the court must decide whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. *See, e.g., City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002). The defendant may meet this threshold burden by showing that the act which forms the basis for the plaintiff's cause of action was a written or oral statement made before a judicial proceeding. *See Church of Scientology of California v. Wollersheim*, 42 Cal. App. 4th 628, 646 (1996). Courts examine the "principal thrust or gravamen" of the claims at issue to determine whether they arise from protected activity. *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 103 (2004). "Where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.15 unless the protected activity is 'merely incidental' to the unprotected conduct." *Id.* (quoting *Scott v. Metabolife Int'l., Inc.*, 115 Cal. App. 4th 404, 419 (2004)).

If the defendant establishes a prima facie case that the claims arise from protected activity, the burden then shifts to the plaintiff to establish a probability that the plaintiff will prevail on the claim. *Wollersheim*, 42 Cal. App. 4th at 646; *see also Cotati*, 29 Cal. 4th at 76. In making its determination, the trial court is required to consider the pleadings and supporting and opposing affidavits stating the facts upon which liability or defense is based. *See* Cal. Code Civ. Proc. § 425.16(b).

Here, the PD Defendants argue that Plaintiff appears to name them as defendants in retaliation for their involvement in an unlawful detainer action against her currently pending in

the San Mateo Superior Court. The PD Defendants argue that Plaintiff's claims should be stricken because any action taken by them in the unlawful detainer action is protected under the litigation privilege. However, even if it is true that Plaintiff may have been motivated to sue the PD Defendants in retaliation for the unlawful detainer action, her claims in the action before this Court do not appear to be based on the unlawful detainer action. Therefore, the PD Defendants have not met their initial burden to show that the claims at issue here arise from protected activity. Accordingly, the Court denies the motion to strike pursuant to Section 425.16.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Bank Defendants' and the PD Defendants' motions to dismiss and DENIES the PD Defendants' motion to strike. The Court GRANTS Plaintiff leave to amend her claims for wrongful foreclosure and quiet title, but only if she can, in good faith and in compliance with her obligations under Rule 11, allege facts showing her compliance or ability to comply with the tender rule. Additionally, if Plaintiff elects amend these claims, she shall allege facts in support of a legal theory to show that the foreclosure was wrongful. The Court also GRANTS Plaintiff leave to amend her claim under the FDCPA, but only if she can allege facts in good faith that Defendants engaged in efforts to collect a debt which is separate from any involvement in the foreclosure proceedings. Moreover, if Plaintiff elects to file an amended complaint, she should take care to clearly state which defendants engaged in any of the alleged acts.

Plaintiffs shall file her amended complaint, if any, by **October 26, 2012.** Failure to file an amended complaint by October 26, 2012 shall result in dismissal her claims with prejudice without further notice to Plaintiff.

The Court advises Plaintiff that the Handbook for Pro Se Litigants, contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that she also may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free

9

appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: October 5, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LAMESHA ARLENA ROBERTSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK NA et al,<br><br>    Defendant. | Case Number: CV12-02996 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamesha Robertson
1215 Holly Burne Avenue
Menlo Park, CA 94025

Dated: October 5, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk