IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMESHA ARLENA ROBERTSON, | |
| Plaintiff, | No. C 12-02996 JSW |
| v. | |
| CITIBANK, N.A., et al., | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| Defendants. | |

Now before the Court is the motions to dismiss filed by Defendants Pite Duncan, LLP, Michael J. Krahenbuhl, Esq., Michael Steven W. Pite, Esq., and John Duncan, Esq. ("PD Defendants") and the motion to dismiss filed by Citibank, N.A., Bank of America, N.A. and Recontrust Company, N.A. ("Bank Defendants"). The Court finds these motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7–1(b). Accordingly, the hearing set for March 1, 2013 is HEREBY VACATED. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court grants the Bank Defendants' and the PD Defendants' motions to dismiss.[1]

**BACKGROUND**

This action concerns the foreclosure proceedings on real property that was owned by Plaintiff Lamesha Arlena Robertson ("Plaintiff") located at 1215 Holly Burne Avenue, Menlo Park, California ("the Property"). Plaintiff obtained an loan to purchase the Property in March

---

[1] The Bank Defendants' and the PD Defendants' requests for judicial notice include documents that are public records and which are the proper subject of judicial notice. *See* Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Bank Defendants' and the PD Defendants' requests for judicial notice are GRANTED.

1    2007.  After Plaintiff defaulted on the loan, a notice of default was recorded against the property
2    on May 2, 2008.  (Bank Defendants' Request for Judicial Notice ("RJN"), Ex. 2.)  The amount
3    Plaintiff was delinquent at that time was $39,973.98.  (*Id*.)  On August 7, 2008, Mortgage
4    Electronic Registration Systems, Inc. ("MERS"), the named beneficiary under the deed of trust,
5    recorded a substitution of trustee which substituted in Recontrust Company, N .A. as the trustee,
6    (*Id*., Ex. 3.)

7    On March 7, 2011, MERS transfered all beneficial interest under the deed of trust to
8    Citibank.  (*Id.*, Ex. 4.)  On May 17, 2011, a notice of trustee' sale was recorded and the property
9    was sold at a trustee's sale on December 30, 2011.  (*Id*., Exs. 5, 6.)  The trustee's deed upon sale
10   was recorded on January 8, 2012. (*Id.*, Ex. 6.)  At the time of the trustee's sale, the debt owed
11   on the Property was $721,777.76.  (*Id*.)

12   Plaintiff initially filed a lengthy nine-one page petition.  The Court noted that it was
13   difficult to decipher Plaintiff's factual allegations.  The Court granted the Bank Defendants' and
14   the PD Defendants' motions to dismiss due to Plaintiff's failure to plead tender and because
15   Plaintiff had not plead a viable legal theory to show foreclosure was wrongful.  The Court
16   rejected that Plaintiff's theory that the foreclosure was wrongful because the defendants lacked
17   possession of the original note.  The Court provided Plaintiff with leave to amend her claims for
18   wrongful foreclosure and quiet title, but only if she could, in good faith and in compliance with
19   her obligations under Rule 11, allege facts showing her compliance or ability to comply with
20   the tender rule.  Additionally, the Court directed Plaintiff to allege facts in support of a legal
21   theory to show that the foreclosure was wrongful.

22   With respect to her claim under the Fair Debt Collection Practices Act ("FDCPA"), the
23   Court granted the motions to dismiss because foreclosure does not constitute "debt collection"
24   under the FDCPA.  The Court provided Plaintiff with leave to amend this claim, but only if she
25   could allege facts in good faith that Defendants engaged in efforts to collect a debt which is
26   separate from any involvement in the foreclosure proceedings.

27   Moreover, the Court directed Plaintiff, if Plaintiff elected to file an amended complaint,
28   to take care to clearly state which defendants engaged in any of the alleged acts.  Unfortunately,

2

Plaintiff's amended complaint is still lengthy and not any clearer. Plaintiff brings the following claims: (1) quiet title; (2) violation of the FDCPA; and (3) wrongful foreclosure.

The Court will address additional facts as necessary in the remainder of this order.

**ANALYSIS**

**A.   Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Igbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See*, *e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for

3

summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991).

**B.     Motions to Dismiss.**

   **1.     Plaintiffs' Claims for Quiet Title and Wrongful Foreclosure.**

In order to maintain a claim for quiet title, Plaintiff must show that she is "the rightful owner[ ] of the property, i.e. that [she has] satisfied [her] obligations under the Deed of Trust." *See Hafiz v. Greenpoint Mortgage, Inc.*, 652 F. Supp. 2d 1039, 1049-2050 (N.D. Cal. 2009); *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); *Gaitan v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3244729 at *12 (C.D. Cal. Oct.5, 2009). The requirement to tender the disputed amount also applies to Plaintiff's claim for wrongful foreclosure. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'" *Pantoja v. Countrywide Home Loan, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009) (quoting *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971) (Under California law, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App.3d 575, 578 (1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.") "A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay." *Pantoja*, 640 F. Supp. 2d at 1184 (citing *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)).

As stated above, the Court granted Plaintiff leave to amend her claims for wrongful foreclosure and quiet title, but only if she could, in good faith and in compliance with her obligations under Rule 11, allege facts showing her compliance or ability to comply with the tender rule. She has not done so. Instead, she alleges: "I do not tender payment to a person, bank or corporation that is not a creditor." (First Amended Petition at p. 3.) For this reason

4

1 alone, the Court grants the Bank Defendants' and the PD Defendants' motions to dismiss these
2 claims.

3 Additionally, these claims fail for the independent reason that Plaintiff has still not
4 alleged facts sufficient to support a valid legal theory demonstrating that the foreclosure was
5 wrongful. Despite the Court explaining that the foreclosing party does not need to possess or
6 produce the original promissory note in order to conduct a trustee sale, Plaintiff still asserts that
7 the foreclosure was wrongful because Defendants have not produced the note. Under California
8 law, the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or *any*
9 *of their authorized agents*" and a person authorized to record the notice of default or the notice
10 of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any
11 person designated in an executed substitution of trustee, or an agent of that substituted trustee."
12 Cal. Civil Code. § 2924(a)(1), (4) (emphasis added); *see also Moeller v. Lien*, 25 Cal. App. 4th
13 822, 834 (1994) ("Upon default by the trustor, the beneficiary may declare a default and
14 proceed with a nonjudicial foreclosure sale."). The foreclosing party does not need to possess
15 or produce the original promissory note in order to conduct a trustee sale. *See* Cal. Civil Code §
16 2924(a)(1); *see also Pagtalunan v. Reunion Mortgage Inc.*, 2009 WL 961995, at *5 (N.D. Cal.
17 Apr.8, 2009) (holding that "possession of the note is not required to initiate or proceed with
18 nonjudicial foreclosure").

19 To the extent Plaintiff relies on the securitization of the note, this theory also fails. The
20 argument that parties lose their interest in a loan when it is securitized or assigned to a trust
21 pool has been rejected by numerous courts. *See*, *e.g.*, *Wadhwa v. Aurora Loan Servs., LLC*,
22 2011 WL 2681483, at *4 (E.D. Cal. July 8, 2011) (suggestion that "assignment of the note to a
23 Real Estate Mortgage Investment Conduit renders any interest in the property other than
24 plaintiffs' somehow invalid" has been "rejected by numerous courts"); *Hafiz*, 652 F. Supp. 2d at
25 1043 (rejecting argument that "all defendants lost their power of sale pursuant to the deed of
26 trust when the original promissory note was assigned to a trust pool" as "both unsupported and
27 incorrect"). The alleged "securitization of the loan does not in fact alter or affect the legal
28 beneficiary's standing to enforce the deed of trust." *Reyes v. GMAC Mortgage LLC*, 2011 WL

5

1322775, at *2 (D. Nev. Apr. 5, 2011); *see also Nguyen v. Bank of Am. Nat'l Ass'n*, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) (securitization of mortgage loan does not provide mortgagor with cause of action). "[S]ecuritization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations" under the note, and does not change the relationship of the parties in any way. *Reyes*, 2011 WL 1322775, at *3 (quoting *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, 2010 WL 4788209, at *2 (D. Utah Nov. 16, 2010)).

Lastly, Plaintiff's attempt to challenge the authority of MERS does not assist her. Although the exact basis of Plaintiff's allegations regarding MERS is not clear, California courts have held that plaintiffs cannot state a cause of action based on the alleged lack of authority of MERS to initiate foreclosure proceedings. *See Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App.4th 42, 45-47 (2011); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 269-73 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App.4th 1149, 1155 (2011). In *Robinson*, *Fontenot*, and *Gomes*, the plaintiffs alleged that violations of California's non-judicial foreclosure process invalidated the foreclosures. In all three cases, the courts dismissed the plaintiffs' complaints, explaining that "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized," *Gomes*, 192 Cal. App. 4th at 1155, and "that the statutory scheme ... does not provide for a preemptive suit challenging standing." *Robinson*, 199 Cal. App. 4th at 46. Moreover, in *Gomes* the court noted that the loan agreement signed by plaintiff expressly granted MERS the authority to foreclose. 192 Cal. App. 4th at 1155 ("by entering into the deed of trust, Gomes agreed that MERS had the authority to initiate a foreclosure").

Plaintiff's claims about irregularities in the foreclosure process are precluded by these cases. Moreover, here, as in *Gomes*, the deed of trust names MERS as a beneficiary and nominee. (Bank Defendants' RJN, Ex. 1.) Accordingly, the Court dismisses Plaintiff's claims for quiet title and for wrongful foreclosure.

### 2. Plaintiff's FDCPA Claim.

The Court dismissed Plaintiff's FDCPA because foreclosure does not constitute "debt collection" under the FDCPA. *See*, *e.g.*, *Deissner v. Mortgage Elec. Regis. Sys.*, 618 F. Supp.

6

2d 1184, 1189 (D. Ariz. 2009), *aff'd* 2010 WL 2464899 (9th Cir. Jun. 17, 2010); *Landayan v. Washington Mutual Bank*, 2009 WL 3047238, at * 3 (N.D. Cal. Sept.18, 2009) (citing *Maguire v. Citicorp. Retail Svcs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) and *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). The Court provided Plaintiff with leave to amend this claim, but only if she could allege facts in good faith that Defendants engaged in efforts to collect a debt which is separate from any involvement in the foreclosure proceedings. Plaintiff still contends that Defendants' efforts to foreclose constitute a violation of the FDCPA. She does not allege any facts to show that any defendant engaged in efforts to collect a debt which is separate from any involvement in the foreclosure proceedings. Accordingly, the Court dismisses this claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Bank Defendants' and the PD Defendants' motions to dismiss. When the Court dismissed Plaintiff's initial complaint, the Court clearly explained why her claims were deficient and explained what was needed to cure these defects. In her amended complaint, Plaintiff essentially repeats her original allegations. Therefore, any leave to amend would be futile. Accordingly, the Court is not providing leave to amend and the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: February 27, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMESHA ARLENA ROBERTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIBANK NA et al,<br><br>    Defendant.<br>_____/ | Case Number: CV12-02996 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamesha Robertson
1215 Holly Burne Avenue
Menlo Park, CA 94025

Dated: February 27, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk